|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-00328-ELG |
| **ANGLIN CONSULTING GROUP, INC.** | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR AN ORDER ENFORCING A TEMPORARY RESTRAINING ORDER AGAINST CYBERSHEATH SERVICES INTERNATIONAL

GovCon Fund, LP and GovCon Fund II, LP (together, the "GovCon Entities") file this Emergency Motion to require Cybersheath Services International ("Cybersheath") to provide access to information and data of Blackfish Federal, LLC ("Blackfish"), pursuant to the Temporary Restraining Order entered by the Circuit Court for Fairfax County, and to the extent applicable, grant relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code.

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § § 1408 and 1409.

2.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (G), (M), and (O).

### Facts

3.      Anglin Consulting Group ("ACG" or "Debtor") filed this bankruptcy case under chapter 11 of the Bankruptcy Code on August 11, 2025 ("Petition Date"). Dkt #1.

Stephen E. Leach (DC Bar No. 925735)
David I. Swan, Esquire
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone:  (703) 584-8900
Email:    dswan@hirschlerlaw.com
              sleach@hirschlerlaw.com
Co-Counsel for Creditors GovCon Fund, LP and
GovCon Fund, II, LP

4.      ACG is a District of Columbia limited liability company founded by Yashieka Anglin ("Ms. Anglin"). ACG is an SBA approved 8(a) government contractor. See Debtor's Cash Collateral Motion, Dkt #12, at ¶ 3.

5.      On or about December 15, 2023, ACG purchased Blackfish and borrowed a total of $14.5 million from the GovCon Entities to fund the majority of the $20 million purchase price. Dkt #12, at ¶ 5.

6.      The promissory notes from ACG to the GovCon Entities contained a confession of judgment provision. The GovCon Entities also took a first priority security interest in the assets of Blackfish to secure the $14.5 million acquisition loan. Declaration of Greg Mattingly, attached hereto as Exhibit "A", at ¶ 3.

7.      In connection with the transaction, the Blackfish LLC Operating Agreement was amended to provide ACG with 74.5 voting common units, which it pledged to the GovCon Entities as additional security for the loan. The GovCon Entities owned 19.5 non-voting units in Blackfish, Erin-Michael Gill ("Mr. Gill") owned 5 non-voting units, and Meghan O'Brien ("Ms. O'Brien") owned 1 non-voting unit. Declaration, at ¶ 4.

8.      ACG defaulted on the loan. On April 21, 2025, the GovCon Entities confessed judgment against ACG in the Circuit Court of Fairfax County, Virginia (the "State Court"), in the total amount of $16,405,657. Declaration, at ¶ 5. *See also*, Dkt #12, at ¶¶ 7-8.

9.      ACG moved to set aside the confessed judgments. On June 13, 2025, the State Court denied the motions to set aside the judgments, no appeals were taken, and the time for appeal expired prior to the Petition Date. Declaration, at ¶ 6.

10.      On August 8, 2025, after the Debtor and Ms. Anglin failed to appear for debtor interrogatories, the State Court issued a Temporary Restraining Order (the "TRO") and scheduled

a hearing on entry of a permanent injunction for September 11, 2025. A copy of the TRO is attached hereto as Exhibit "B".

11. In the TRO, the State Court found, among other things, that Ms. Anglin was not focused on the affairs of Blackfish, and that GovCon faced a substantial likelihood of irreparable harm by losing employees and profitable government contracts unless it was able to operate Blackfish. *Id.*, at 2-4.

12. Thus, the State Court ordered all of ACG's equity units in Blackfish transferred to the GovCon Entities, and most pertinent to this Motion, (a) ordered Ms. Anglin to transmit all information to the GovCon Entites necessary to log in and maintain Blackfish operations, and (b) ordered all third party vendors to recognize the GovCon Entities as the majority owners of Blackfish. *Id.*, at 4-6.

13. On August 18, 2025, one week after the Petition Date and ten days after the TRO, the Debtor filed an adversary proceeding in this Court at Adv Pro No. 25-10032-ELG against the GovCon Entities, Mr. Gill, and Ms. O'Brien ("Defendants"). The Debtor also filed its own motion for a temporary restraining order, asking this Court to (a) avoid the State Court TRO and (b) require the Defendants to consent to a bankruptcy by Blackfish, or deem their consent unnecessary. D.C. Adv Pro Dkt #2. The adversary proceeding has been referred to mediation on consent of the parties, and the motion has been adjourned until September 10, 2025. D.C. Adv Pro Dkt #16.

14. Meanwhile, the Debtor has removed the TRO to federal court. Specifically, on August 12, 2025, the Debtor filed Notices of Removal in the U.S. Bankruptcy Court for the Eastern District of Virginia, docketed as Adv Pro Nos. 25-01044-BFK and 25-01045-BFK. On August 18, 2025, the Debtor filed a Motion to Transfer Venue in each of those adversary proceedings to this Court. EDVA Adv Pro Dkt #9. The Virginia bankruptcy court has not ruled upon the motions.

15. Cybersheath is a cybersecurity compliance service provider which protects business data and information from cyberattacks. It holds the access to Blackfish data and work platform; and therefore, it is a third-party vendor subject to the State Court TRO. Declaration, at ¶ 9.

16. When the GovCon Entities asked Cybersheath to provide the information and access to Blackfish as required by the TRO, Cybersheath responded that because of the ACG bankruptcy filing it would require an order from this Court. Declaration, at ¶ 10. Thus, the GovCon Entities file this Motion.

## LEGAL ARGUMENT

17. Bankruptcy Rule 9027 governs removal of state court proceedings to bankruptcy court. Bankruptcy Rule 9027(i) provides:

> "All injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court"

The State Court TRO has been removed to federal court, and it has not been dissolved or modified.

18. The State Court TRO requires all third-party vendors including Cybersheath to recognize the GovCon Entities as having ownership of Blackfish, and Ms. Anglin to provide the GovCon Entities all information necessary for administrative access, including usernames and/or email addresses and passwords necessary to control the business.

19. To the extent that ACG has an interest, either as a party to the Cybersheath contract or as a litigant in these matters, section 362(d) of the Bankruptcy Code allows the Court to terminate or modify the automatic stay, for cause.

4

20. Because the GovCon Entities are managing the business, funding payroll, and maintaining the government contracts, having full access to historical data, emails, and other documents is critical to the day to day operations. Declaration, at ¶¶ 11-13.

21. The GovCon Entities understand that Cybersheath does not oppose allowing Blackfish access to its own work platform, but, in light of the Debtor's bankruptcy filing, Cybersheath demands a "comfort order" from this Court approving its obedience to the TRO, and insists upon prepayment for its post-petition services relating to Blackfish.

22. The relief sought by this motion is in the best interests of the Debtor and its estate because it is necessary to preserve the value of Blackfish, which Debtor's counsel told this Court at the first day hearings, has 170 employees, numerous government contracts, and is the most valuable asset of this estate. Further, Blackfish is willing to make the pre-payment for contractual services that is being demanded by Cybersheath.

WHEREFORE, the GovCon Entities respectfully request that this Court enter the proposed order attached hereto as <u>Exhibit "C"</u>, which requires Cybersheath to provide full access to documents, emails, and any other Blackfish data to the GovCon Entities, and for the Debtor and Ms. Anglin to cooperate with the transmission of this information.

Dated: September 2, 2025

Respectfully submitted,

*/s/ Stephen E. Leach*
Stephen E. Leach (DC Bar No. 925735)
David I. Swan, Esquire
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email:          dswan@hirschlerlaw.com
                    sleach@hirschlerlaw.com

*Co-Counsel for Creditors GovCon Fund, LP and
GovCon Fund II, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, a true and correct copy of the foregoing *Emergency Motion for Relief from the Automatic Stay and for an Order Enforcing a Temporary Restraining Order Against Cybersheath Services International* was served (a) via CM/ECF on all counsel of record receiving electronic notices in this case; (b) by U.S. mail, postage prepaid, upon the parties listed on the attached Service List; and (c) by email upon the following officers of Cybersheath; Jeremy.schwartz@cybersheath.com (CFO) and emil.sayegh@cybersheath.com (CEO).

*/s/ Stephen E. Leach*
Stephen E. Leach (DC Bar No. 925735)

## <u>SERVICE LIST</u>

Small Business Administration
403 3rd Street SW
Washington, DC 20416

Rivian Financial Services
PO Box 901076
Fort Worth, TX 76101-2076

Kaiser PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005

Piliero Mazza 1200
17th Street NW
Washington, DC 20001

Petersen Int Underwriters
23929 Valencia Blvd. Second Floor
Valencia, CA 91355

Charles Schwab
3000 Schwab Way
Roanoke, TX 76262

Holland & Knight
800 17th St NW
Washington, DC 20006

Pillsbury Winthrop Shaw Pittman
1200 17th St NW
Washington, DC 20036

Hanover Insurance
440 Lincoln Street
Worcester, MA 01653-0002

DC Health Link
1207 Taylor Street NW
Washington, DC 20011

RSM US LLP
1250 H St NW #700
Washington, DC 20005

Embrace Consulting Services
9701 Apollo Drive Suite 100
Upper Marlboro, MD 20774

All Above Management
12109 Birchview Drive
Clinton, MD 20735

iSOLVED, INC
1801 Research Blvd, Suite 510
Rockville, MD 20850

Human Dental
PO Box 14611
Lexington, KY 40512-4611

VSP
3400 Morse Crossing
Columbus, OH 43219

Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

Hood Masters of Virginia
14209 Central Avenue
Chester, VA 23836

# Exhibit A

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 25-00328-ELG |
| **ANGLIN CONSULTING GROUP, INC.** | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**DECLARATION OF GERGORY D. MATTINGLY IN SUPPORT OF (I) THE EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR AN ORDER ENFORCING A TEMPORARY RESTRAINING ORDER AGAINST CYBERSHEATH INTERNATIONAL, AND (II) THE MOTION FOR ENTRY OF ORDER SETTING AN EXPEDITED HEARING ON AND SHORTENING THE OBJECTION PERIOD**

I, Gregory D. Mattingly, hereby declare under penalty of perjury as follows:

1. I am a manager of Preston Wealth Advisors, which is the general partner of GovCon Fund, LP and GovCon Fund II, LP (the "GovCon Entities"), and I am currently also a member of the Board of Managers of Blackfish Federal, LLC ("Blackfish"). I am personally familiar with all of the matters stated herein.

2. I am of adult age and am authorized by the GovCon Entities to make this Declaration in support of (a) The Emergency Motion for Relief from the Automatic Stay and for an Order Enforcing a Temporary Restraining Order against CyberSheath Services International (the "Motion for Relief"), and (b) The Motion for Entry of Order Setting an Expedited Hearing and Shortening the Objection Period (the "Motion to Expedite").

3. On or about December 15, 2023, the GovCon Entities loaned $14.5 million to Anglin Consulting Group, Inc. ("Debtor" or "ACG") for the Debtor's acquisition of Blackfish. The promissory notes from ACG to the GovCon Entities contained a confession of judgment provision. The GovCon Entities also took a first priority security interest in the assets of Blackfish to secure the $14.5 million acquisition loan.

4. In connection with the transaction, the Blackfish LLC Operating Agreement was amended to provide ACG with 74.5 voting common units, which it pledged to the GovCon Entities as additional security for the loan. The GovCon Entities owned 19.5 non-voting units in

Stephen E. Leach (DC Bar No. 925735)
David I. Swan, Esquire
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Email:   dswan@hirschlerlaw.com
           sleach@hirschlerlaw.com
Co-Counsel for Creditors GovCon Fund, LP and
GovCon Fund, II, LP

Blackfish, Erin-Michael Gill owned 5 non-voting units, and Meghan O'Brien owned 1 non-voting unit.

5. ACG defaulted on the loan. On April 21, 2025, the GovCon Entities confessed judgment against ACG in the Circuit Court of Fairfax County, Virginia (the "State Court"), in the total amount of $16,405,657.

6. ACG moved to set aside the confessed judgments. On June 13, 2025, the State Court denied the motions to set aside the judgments, no appeals were taken, and the time for appeal expired prior to the Petition Date.

7. After entry of the TRO, on August 14, 2025, the GovCon Entities wired $125,000 to Blackfish to make payroll, and to pay one month of benefits. Otherwise, employee benefits which had not been funded for months would possibly have been cancelled on August 15, payroll would have been missed, and employees may have left the company.

8. In the last three weeks, the GovCon Entities have funded Blackfish a total of $325,000 in order to preserve and maintain operations.

9. Cybersheath is a cybersecurity compliance service provider which protects business data and information from cyberattacks. It holds the access to Blackfish data and work platform; and therefore, it is a third-party vendor subject to the State Court TRO.

10. When the GovCon Entities asked Cybersheath to provide the information and access to Blackfish as required by the TRO, Cybersheath responded that because of the ACG bankruptcy filing it would require an order from this Court.

11. The GovCon Entities are currently unable to access critical information. The GovCon Entities need an expedited ruling from the Court on its Motion for Relief, because it is currently unable to access critical information necessary to operate the business. It does not have access to corporate information because, in the absence of cooperation by Cybersheath, it cannot access the Blackfish data repository. Likewise, it is unable to communicate with Blackfish clients and customers in a professionally acceptable matter due to the inability to establish Outlook accounts, and it cannot receive inbound e-mail communication that would normally be transmitted to company leadership.

12. Employee benefits, insurance, and other key staff and business functions are at jeopardy. Without Cybersheath cooperation, the GovCon entities cannot assess which services are expiring, and properly evaluate insurance coverage and employee benefit plans necessary to keep staff and business operations properly insured.

13. The GovCon Entities are unable to prepare proposals and submit accurate quotes without access to company files. Blackfish was just informed on August 29, 2025, that it lost a government contract that was scheduled to be renewed in September, which had an annual contract value in excess of $1.8 million. Another Blackfish government contract is coming up for renewal this month, with an annual contract value in excess of $1.3 million. The

ongoing delay of access to company information will jeopardize the ability to meet the renewal deadline.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2025      /s/ Gregory D. Mattingly
                                 Gregory D. Mattingly

# Exhibit B

VIRGINIA

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| **GOVCON FUND II, LP** | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| | ) |
| v. | )   CL 2025-05788 |
| | ) |
| ANGLIN CONSULTING GROUP, INC. | ) |
| | ) |
| Defendant/Judgment Debtor. | ) |

| | |
|---|---|
| **GOVCON FUND, LP** | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| | ) |
| v. | )   CL 2025-05791 |
| | ) |
| ANGLIN CONSULTING GROUP, INC. | ) |
| | ) |
| Defendant/Judgment Debtor. | ) |

## ORDER ON PLAINTIFFS/JUDGMENT CREDITORS' EMERGENCY MOTIONS FOR TEMPORARY RESTRAINING ORDER AND/OR TEMPORARY AND/OR INJUNCTIVE RELIEF

THIS MATTER HAVING COME BEFORE THE COURT upon the August 8, 2025, Emergency Motions for Temporary Restraining Order and/or Temporary and/or Injunctive Relief (the "Motions") filed by Plaintiff/Judgment Creditor GovCon Fund II, LP ("GovCon Fund II") in Fairfax County Circuit Court case no. CL 2025-05788 and Plaintiff/Judgment Creditor GovCon Fund, LP ("GovCon," and, collectively with GovCon Fund II, "Plaintiffs") in Fairfax County Circuit Court case no. CL 2025-05791; and,

THE COURT having reviewed the Motions and taken the proffer of evidence of counsel for

Plaintiffs and counsel for Defendant/Judgment Debtor Anglin Consulting Group, Inc. ("Defendant"); and;

IT APPEARING to the Court that Plaintiffs, on April 21, 2025, obtained confessed judgments against Defendant, with GovCon Fund II obtaining a confessed judgment in the principal amount of $10,273,534 plus $475,000 in fees and twenty percent (20%) interest accruing from April 21, 2025, and GovCon Fund obtaining a confessed judgment in the principal amount of $5,407,123 plus $250,000 in fees and twenty percent (20%) interest accruing from April 21, 2025; and,

IT APPEARING TO THE COURT that Defendant, in connection with the underlying loans giving rise to the judgments, signed those certain December 15, 2023, Pledge Agreements wherein Defendant pledged to Plaintiffs as collateral all of Defendant's equity interest in Blackfish Federal, LLC ("Blackfish"); and,

IT FURTHER APPEARING TO THE COURT that Defendant owns 74.5 equity units of Blackfish, constituting 74.5% of the issued and outstanding equity units of Blackfish, and constituting all of the issued and outstanding voting equity units of Blackfish; and,

IT FURTHER APPEARING TO THE COURT that Yashieka Anglin, the sole shareholder of Defendant and the current manager of Blackfish, is currently out of the country and not focused on the affairs of Blackfish; and,

IT FURTHER APPEARING TO THE COURT that Ms. Anglin was required to appear in Court this 8th day of August, 2025, in connection with debtor interrogatories, but failed to appear, though counsel for Ms. Anglin, Defendant, and Blackfish appeared; and,

IT FURTHER APPEARING TO THE COURT that GovCon Fund II, in Fairfax County Circuit Court case no. CL 2025-05790, obtained judgments against Ms. Anglin and Blackfish in the same amount as GovCon Fund II's judgment against Defendant; and,

Order - CL 2025-05788/CL 2025-05791        2

IT FURTHER APPEARING TO THE COURT that GovCon Fund, in Fairfax County Circuit Court case no. CL 2025-05792, obtained judgments against Ms. Anglin and Blackfish in the same amount as GovCon Fund's judgment against Defendant;

IT FURTHER APPEARING TO THE COURT that Blackfish's bank account(s) have been garnished and its funds frozen, and Blackfish is unable to meet its payroll obligations for at least 173 employees in the absence of the pending garnishments being lifted or outside funds being contributed to Blackfish; and,

IT FURTHER APPEARING TO THE COURT that Plaintiffs have a substantial likelihood of success on the merits in obtaining enforcement of the Pledge Agreements, as the Pledge Agreements state that Defendant's equity units in Blackfish serve as Plaintiffs' collateral in the event of a default by Defendant on Plaintiffs' loans to Defendant, and Defendant defaulted on said loans; and,

IT FURTHER APPEARING TO THE COURT that Plaintiffs face a substantial likelihood of irreparable harm, including insofar as Blackfish being unable to meet payroll will likely cause significant liability to Blackfish, cause Blackfish employees to quit, cause Blackfish to lose profitable government contracts, and otherwise lead to Blackfish's insolvency, such that Blackfish will cease serving as effective collateral for Plaintiffs' loans; and,

IT FURTHER APPEARING TO THE COURT that Defendant faces little prejudice in being required to comply with Pledge Agreements to which Defendant agreed; and,

IT FURTHER APPEARING TO THE COURT that it is in the public interest for Plaintiffs to be granted control of Blackfish, including, without limitation, because Plaintiffs will, if granted control of Blackfish, take commercially reasonable steps to cause Blackfish to meet its payroll

Order - CL 2025-05788/CL 2025-05791          3

obligations and maintain its employees, who will otherwise be unpaid and unemployed; it is hereby

ORDERED that the Emergency Motions for Temporary Restraining Order and/or Temporary and/or Injunctive Relief filed by Plaintiff/Judgment Creditor GovCon Fund II, LP, in Fairfax County Circuit Court case no. CL 2025-05788 and Plaintiff/Judgment Creditor GovCon Fund, LP, in Fairfax County Circuit Court case no. CL 2025-05791 are GRANTED; and it is further

ORDERED that all of Defendant's equity units in Blackfish, which are not certificated, are, and are deemed to be, TRANSFERRED to Plaintiffs (with 48.5 equity units transferred to GovCon Fund II and 26 equity units transferred to GovCon Fund); provided, however, that the Units shall revert back to Defendant if the temporary restraining order is dissolved and/or the injunction provided for herein is not extended; and it is further

ORDERED that Ms. Anglin shall, on or before August 12, 2025, at 10:00 a.m. Eastern time, individually or by counsel, transmit to Plaintiffs, by email to Greg Mattingly (email address: gmattingly@prestonwealthadvisors.com), with an email copy to Plaintiffs' counsel, Stephen Charnoff, at scharnoff@reesbroome.com, all of the following information:

(1)     all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's third party payroll vendor accounts (believed to be with ADP), as well as the name and email address of Blackfish's point of contact with said vendor;

(2)     all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's bank accounts and credit union accounts (including, without limitation, Navy Federal Credit Union), as well as the name and email address of Blackfish's points of contact with said financial institutions;

(3) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's office work platform (e.g., Microsoft accounts, including, without limitation, Microsoft 365 accounts, Microsoft Office accounts, Google Workspace accounts) and website domain;

(4) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's Wide Area Workflow (WAWF) account, as well as the name and email address of Blackfish's point of contact with said vendor;

(5) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's Procurement Integrated Enterprise Environment (PIEE) account, as well as the name and email address of Blackfish's point of contact with said vendor;

(6) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's Deltek account, as well as the name and email address of Blackfish's point of contact with said vendor;

(7) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's SAM.gov account;

(8) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's third party employee benefits vendor(s) account(s), as well as the name and

email address of Blackfish's point of contact with said vendor;

(9) all information (including login usernames and/or email addresses and passwords, and including all information necessary for admin access) necessary for Plaintiffs to log in and control Blackfish's third party 401(k) manager(s)/vendor(s) account(s), as well as the name and email address of Blackfish's point of contact with said vendor; and it is further

ORDERED that Ms. Anglin shall also promptly provide such further information (including, verification numbers sent to Ms. Anglin's cell phone number in connection with two-step authentication arising in connection with any and all Blackfish accounts) as is useful for effectuating the transfer of control of the foregoing accounts, including by emailing such information (e.g., verification numbers) to Mr. Mattingly; and it is further

ORDERED that any and all third parties (including the entities referenced above that are third party vendors to Blackfish) shall recognize GovCon Fund II and GovCon Fund as the majority owners of Blackfish and shall treat any person(s) appointed by GovCon Fund II and GovCon Fund to manage or otherwise administer Blackfish's affairs as Blackfish's true and lawful representatives; and it is further

ORDERED that defense counsel shall email a copy of this Order to Ms. Anglin at yashieka@anglincg.com, yashieka.anglin@gmail.com, and yashieka_anglin@hotmail.com on August 8, 2025;

ORDERED that, absent the parties entering into any further agreement and seeking the Court's consent to such agreement, or the Court otherwise entering an Order extending this Order, this Order shall stand dissolved on September 11, 2025, at 11:59 p.m. Eastern time; and it is further

ORDERED that a hearing on entry of a permanent injunction in Plaintiffs' favor shall be heard by the Court on September 11, 2025 at 10:00 a.m. Eastern time.

ENTERED this 8th day of August, 2025.

_____
The Hon. Timothy J. McEvoy
Judge, Fairfax County Circuit Court


SEEN AND AGREED:

_____
Stephen D. Charnoff, Esq. (VSB No. 65329)
Rees Broome, PC
1900 Gallows Rd.
Suite 700
Tysons Corner, VA 22182
(703) 790-6233 (telephone)
(703) 852-1075 (facsimile)
scharnoff@reesbroome.com
*Counsel for Judgment Creditors/Plaintiffs*


SEEN AND OBJECTED TO As Done in Court

_____
Alex Heidt, Esq. (VSB No. ~~4378J~~ 48372
The Heidt Law Firm PLLC
11230 Waples Mill Rd.
Suite 105
Fairfax, VA 22030
(703) 567-7903 (telephone)
(703) 563-6312 (facsimile)
alexheidt@heidtlawfirm.com
*Counsel for Judgment Debtor/Defendant*

A COPY TESTE:
CHRISTOPHER J. FALCON, CLERK

BY:_____
Deputy Clerk

Order - CL 2025-05788/CL 2025-05791          7

# Exhibit C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

In re:

**ANGLIN CONSULTING GROUP, INC.**

Debtor.

)
)
)
)
)
)
)
)

Case No. 25-00328-ELG

Chapter 11

## ORDER GRANTING EMERGENCY MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Emergency Motion ("Motion") of GovCon Fund, LP and GovCon Fund II, LP (together, the "GovCon Entities") for relief from the automatic stay of section 362(a) of the Bankruptcy Code [Docket No. ___], by which the GovCon Entities seek entry of an Order requiring Cybersheath Services International ("Cybersheath") to provide the GovCon Entities access to information and data of Blackfish Federal, LLC ("Blackfish"), pursuant to a Temporary Restraining Order ("TRO") entered by the Circuit Court for Fairfax County, Virginia on August 8, 2025; and the Court having conducted a hearing the Motion on September ____, 2025; and the

/
*s/ Stephen E. Leach*
Stephen E. Leach (DC Bar No. 925735)
David I. Swan, Esquire
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone:  (703) 584-8900
Email:    dswan@hirschlerlaw.com
              sleach@hirschlerlaw.com
Co-Counsel for Creditors GovCon Fund, LP and
GovCon Fund, II, LP

Court having determined that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; that venue is proper pursuant to 28 U.S.C. § § 1408 and 1409; and that this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), (G), (M), and (O); and upon consideration of the arguments of counsel and the evidence and proffers offered at the hearing on the Motion, and it appearing that causes exists to lift the automatic stay to the extent necessary for CyberSheath immediately to provide access to the GovCon entities of all Blackfish data and records in the possession or under the control of CyberSheath, it is hereby

ORDERED, that to the extent applicable, the automatic stay of section 362(a) is hereby lifted to authorize and permit CyberSheath to provide the GovCon Entities with all Blackfish data and records in the possession, or under the control of, CyberSheath; and it is further

ORDERED, that CyberSheath is directed immediately to provide the GovCon Entities with access to all such Blackfish data and records.

Copies to:

Jeremy Schwartz, CFO
Emil Sayegh, CEO
CyberSheath Services International
11710 Plaza America Drive
Reston, VA 20190

Stephen Leach, Esq.
David I. Swan. Esq/
Hirschler Fleischer PC
1676 International Drive, Suite 1350
Tysons, VA 22102

Justin P. Fasano, Esq.
Janet M. Nesse, Esq.
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770

All CM/ECF notice recipients