|  |  |
|---|---|
| In re: | ) |
|  | ) |
| **ANGLIN CONSULTING GROUP, INC.** | ) Case No. 25-00328-ELG |
|  | ) |
| Debtor. | ) Chapter 11 |
|  | ) |
|  | ) |
| _____ | ) |

**OPPOSITION TO EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC
STAY AND FOR AN ORDER ENFORCING A TEMPORARY RESTRAINING
ORDER AGAINST CYBERSHEATH SERVICES INTERNATIONAL**

Anglin Consulting Group, Inc. ("Anglin") files this opposition to the *Emergency Motion For Relief From The Automatic Stay And For An Order Enforcing A Temporary Restraining Order Against Cybersheath Services International* filed by GovCon Fund, LP and GovCon Fund II, LP (together, the "GovCon Entities"), and states as follows:

As a preliminary note, this opposition is filed on an extremely expedited schedule and does not purport to state all reasons that Anglin may assert that the Motion should be denied. No basis for this emergency treatment has or can be demonstrated.

First, on a factual basis, the Govcon Entities have access to all Blackfish materials necessary to make and process payroll. They have access to ADP, Deltek Cospoint, Enterprise Reporting System, and all of the labor rates and pay schedules for Blackfish's employees. No explanation has been provided so that either the Court or the Debtor can understand why the relief requested is necessary.

Second, the temporary restraining order referred to enforces a pledge and blocking position which violates the Minority Small Business and Capital Ownership Development Program

(commonly known as the 8(a) program) and the code of federal regulations implementing the 8(a) program.  Specifically, 13 C.F.R. § 124.515(c) states:

> *"The 8(a) contractor must request a waiver in writing prior to the change of ownership and control except in the case of death or incapacity. A request for waiver due to incapacity or death must be submitted within 60 calendar days after such occurrence."*

13 C.F.R. § 124.515(c).  13 C.F.R. § 124.105 provides:

> *"An applicant or Participant must be at least 51 percent unconditionally and directly owned by one or more socially and economically disadvantaged individuals who are citizens of the United States, except for concerns owned by Indian tribes, Alaska Native Corporations, Native Hawaiian Organizations, or Community Development Corporations (CDCs). See § 124.3 for definition of unconditional ownership; and §§ 124.109, 124.110, and 124.111, respectively, for special ownership requirements for concerns owned by Indian tribes, ANCs, Native Hawaiian Organizations, and CDCs"*

13 C.F.R. § 124.105.  Here, no waiver was obtained, and the shares were pledged and blocking positions were provided without SBA approval to a non-disadvantaged entity.  Provisions such as the pledge agreement combined with the blocking position violate these regulations.   *Gose v. Native Am. Servs. Corp.,* 109 F.4th 1297, 1313 (11th Cir. 2024) (right of first refusal to buy shares belonging to disadvantaged contractors was impermissible, combined with assignment of proceeds of contracts amounted to impermissible change of control); *see also Morris-Griffin Corp. v. C & L Serv. Corp.*, 731 F. Supp. 2d 488, 501 (E.D. Va. 2010), vacated on other ground (Dec. 7, 2011) (violations of control provisions in 8(a) contracting are void *ab initio*).  Here, the pledge agreement combined with the blocking position combines to amount to an impermissible change of control without a waiver.  It is void *ab initio*, as is the TRO.

Third, the TRO is subject to avoidance by this court pursuant to 11 U.S.C. § 547(b). An adversary proceeding has been filed requesting this relief, to which responses are not yet due.

Fourth, Cybersheath's contract is with Anglin.  See attached.  Blackfish has no contractual rights thereunder.

Fifth, allowing the Govcon Entities access to the Cybersheath materials would allow them access to materials proprietary and specific to Anglin. The Anglin and Blackfish materials are not segregated by company.

Sixth, Anglin is protected by the automatic stay from enforcement of the TRO against it. Removal of the TRO proceeding does not lift the automatic stay. The 1983 advisory committee notes to Federal Rule of Bankruptcy Procedure 9027 provides that "If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted." *In re Cashco, Inc.*, 599 B.R. 138, 147 (Bankr. D.N.M. 2019); *see also Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853, 855 (Bankr. N.D. Ind. 1991) ("While it appears that the automatic stay may not apply to the removal of pending litigation, the mere fact that litigation is removed does not operate to terminate the automatic stay."); *see also In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Mo. 2001) (removal of stayed case to Bankruptcy Court violated automatic stay). Anglin should not have to comply with enforcement of a TRO that is both stayed and subject to avoidance.

For the foregoing reasons, the Motion should be denied.

Dated: September 3, 2025                              Respectfully submitted

                                                     */s/ Justin P. Fasano*
                                                     Justin P. Fasano (DC Bar MD21201)
                                                     McNamee Hosea. P.A.
                                                     6404 Ivy Lane, Suite 820
                                                     Greenbelt, MD 20770
                                                     (301) 441-2420
                                                     jfasano@mhlawyers.com
                                                     *Proposed Counsel for Anglin Consulting Group,*
                                                     *Inc.*


## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on September 3, 2025, a true and correct copy of the

foregoing was served via CM/ECF to all parties receiving notice thereby.


                                                     */s/ Justin P. Fasano*
                                                     Justin P. Fasano