# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLOMBIA

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| **ANGLIN CONSULTING GROUP, INC.** | ) | Case No. 25-00328-ELG |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CYBERSHEATH SERVICES INTERNATIONAL, LLC'S MOTION FOR AN ORDER (I) TO COMPEL DEBTOR TO IMMEDIATELY ASSUME OR REJECT CONTRACT; OR IN THE ALTERNATIVE (II) TO LIFT THE AUTOMATIC STAY

CyberSheath Services International, LLC ("CyberSheath"), a provider of cybersecurity compliance services to Anglin Consulting Group, Inc. (the "Debtor"), by and through counsel, files this *Motion for an Order (I) to Compel Debtor to Immediately Assume or Reject Contract or in the Alternative (II) to Lift the Automatic Stay* (the "Motion") against the Debtor related to obligations under the unexpired contracts (the "Contracts")[1] between CyberSheath and the Debtor. In support of this Motion, CyberSheath relies on the *Declaration of Jeremy Sheath in Support of CyberSheath Services International, LLC's Motion for an Order (I) to Compel Debtor to Immediately Assume or Reject Contract; or in the Alternative (II) to Lift the Automatic Stay* (the "Declaration"). attached hereto as **Exhibit A** and respectfully states as follows:

---

[1] The Contracts include: DFARS 7012 Compliance and GCC Managed AVD Enclave Statement of Work dated May 1, 2025 ("GCC Contract"), Managed IT and Security Services and Commercial Environment Statement of Work dated May 2, 2025 ("Managed IT Contract") and six change orders all dated May 1, 2025.

Michael A. Brandess (admitted pro hac vice, ARDC # 6299158)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
 Chicago, IL 60606
Phone: (312) 526-1542
Facsimile: (312) 655-1501 Michael.Brandess@huschblackwell.com
Counsel for Cybersheath Services International LLC
HB: 4925-2914-5196.5

## **INTRODUCTION**

The Debtor filed its chapter 11 case because of its ongoing litigation with GovCon Fund, LP and its related entities (the "GovCon Parties") concerning ownership of the Debtor's non-debtor subsidiary, BlackFish Federal, LLC ("BlackFish"). If the GovCon Parties are successful in their efforts to take control of BlackFish, the Debtor's filings— principally its schedules —suggest that the Debtor will not have a viable path towards reorganization. In the event of conversion or dismissal, any allowed chapter 11 administrative expense claim will either be subordinate to the expenses of a chapter 7 trustee or otherwise uncollectable against a defunct entity. In either case, these unpaid claims will likely remain unpaid.

CyberSheath is a non-debtor contract counterparty to the Debtor. The Debtor has neither paid for services rendered pre-petition nor post-petition. And through the Debtor's bankruptcy case, CyberSheath has been required to provide services to the non-debtor GovCon Parties related to the non-debtor BlackFish, for an indefinite period and without any concrete means of obtaining payment. Jurisdictional issues aside, for CyberSheath, a bad situation somehow got worse.

To add insult to injury, the Debtor has access to its own data. It does not need CyberSheath to operate during its chapter 11 case. And even if it did, CyberSheath has many competitors. Ultimately, CyberSheath is a luxury, and one the Debtor seemingly cannot afford. And because of the heightened risk of conversion or dismissal, it is manifestly inequitable to put the risk of nonpayment on CyberSheath's shoulders.

Accordingly, CyberSheath respectfully requests that the Court enter an order requiring the Debtor to assume or reject the Contracts. In the event of rejection, CyberSheath is willing to

HB: 4925-2914-5196.5

give the Debtor and GovCon Parties the earlier of 14 days after entry of an order approving this Motion or November 13, 2025, to find an alternative service provider.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief requested herein are Sections 362(d)(1) and 365(d)(2) of the Bankruptcy Code and Bankruptcy Rule 6006.

## BACKGROUND

4. CyberSheath is a cybersecurity compliance service provider which protects business data and information from cyberattacks. Declaration ¶ 3.

5. In May of 2025, CyberSheath and the Debtor entered into the Contracts for the provision of cybersecurity compliance services to the Debtor. Declaration ¶ 4.

6. On August 11, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7. No trustee or examiner has been appointed and the Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

8. Since the Petition Date, CyberSheath has continued to perform its obligations under the Contracts. Declaration ¶ 5.

9. The Contracts provide that CyberSheath will provide on behalf of the Debtor:

   a. Services to ensure the Debtor's compliance with the Department of Defense ("DoD") mandated requirements for DoD Contractors.

HB: 4925-2914-5196.5

Specifically, these services include, among other services, security monitoring, technology support, and annual assessments.[2]

    b.   Day-to-day managed IT and security services, which include, among other services, vulnerability detection, technology support and configuration support.[3] Declaration ¶ 6.

10.    The Contracts require Debtor to pay several monthly fees, including but not limited to service charges, user fees, and licensing fees. As of the date of this Motionthe Debtor has not paid CyberSheath any of its post-petition obligations, which total $8,941.62. In addition, the Debtor owes $39,336.99 under the Contracts.[4] Declaration ¶ 7.

11.    CyberSheath has continued to provide services to the Debtor without receiving compensation. Declaration ¶ 8.

## **RELIEF REQUESTED**

12.    CyberSheath requests entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit B** compelling the Debtor to assume or reject the Contracts immediately. In the alternative, CyberSheath requests an order lifting the stay so that CyberSheath can terminate the Contracts and collect post-petition amounts due.

---

[2] *See* GCC Contract at 3.
[3] Managed IT Contract at 3.
[4] CyberSheath received payment from the GovCon Parties with respect to separate services for Blackfish that were not provided for in the Contracts.

## I. THE DEBTOR SHOULD BE COMPELLED TO ACCEPT OR REJECT THE CONTRACTS IMMEDIATELY

13. By this Motion, CyberSheath requests the entry of an order pursuant to 11 U.S.C. § 365(d)(2) and FED. R. BANKR. P. Rule 6006(b) compelling the Counter-Party Debtor to reject or assume the Contracts immediately.

14. Section 365(d)(2) of the Bankruptcy Code provides the Court with the power to compel a debtor to assume or reject an executory contract within a specified period of time:

> In a case under chapter . . . 11 . . . of this title, the trustee may assume or reject an executory contract…of the debtor at any time before the confirmation of a plan, but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract . . . .

11 U.S.C. §365(d)(2) (emphasis added); 11 U.S.C. §1107(a).

15. "Congress intended this provision to 'prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'" *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (*citing* S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

16. Although the Bankruptcy Code provides Chapter 11 debtors with "breathing space" within which to determine whether a particular executory contract should be assumed or rejected, such "breathing space . . . is not without limits." *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002).

17. The determination of what constitutes a reasonable time to assume or reject a particular executory contract is within the bankruptcy court's discretion and has to be decided in light of the particular facts of each case. *See In re Panaco, Inc.*, No. 02-37811-H3-11, 2002

WL 31990368, at *4-5 (Bankr. S.D. Tex. Dec. 10, 2002); see, e.g., *In re Adelphia Commc'ns Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003); *In re Shalom Hosp. Inc.*, 2002 WL 1001000, at *2 (Bankr. N.D. Iowa May 9, 2002); *In re G-I Holdings, Inc.*, 308 B.R. 196, 213 (Bankr. D. N.J. 2004).

18. Factors courts have considered in determining whether to compel a debtor to reject or assume a contract include: 1) the damage the non-debtor will suffer beyond the compensation available under the Bankruptcy Code; 2) the importance of the contract to the debtor's business and reorganization; 3) whether the debtor has had sufficient time to appraise its financial situation and potential value of its assets in formulating a plan; and 4) whether exclusivity has terminated. *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-106 (2d Cir.1982) (per curiam).

19. Here, the relevant factors weigh in favor of compelling the Debtor to assume or reject the Contracts. First, as to the damage to CyberSheath, it is owed considerable amounts post-petition on the Contracts, but because of the automatic stay, cannot cease performing on the Contracts and must continue to work for free. Further, the Bankruptcy Code does not provide certainty that CyberSheath will be compensated. CyberSheath has received no assurances from the Debtor that such amounts will be paid and though it is CyberSheath's position that it is clearly entitled to an administrative claim for these amounts under the Bankruptcy Code, such monies are subject to the Debtor's success in its litigation with the GovCon Parties.

20. Second, as to the importance of the Contracts, CyberSheath is a small vendor in the scheme of the Debtor's business, and its work, though important, is by no means the foundation of the Debtor's consulting business. Nor are the Contracts, by any stretch of the

imagination, a primary asset that is central to the Debtor's plan of reorganization, such that the Debtor needs extra time to consider the Contracts' treatment. *See id.* at 106.

21. Third, the Debtor has had sufficient time to make a decision about the Contracts. The Debtor has already been in bankruptcy for almost two months. The Contracts have a simple payment structure with a monthly fee structure. *See, e.g.*, Managed IT Contract at 13 (showing a monthly fee of $3,490). The Debtor does not need to do any complex modeling to estimate the cost of the contract and can easily and quickly determine the costs and benefits of the contract.

22. Finally, though plan exclusivity has not yet been terminated, CyberSheath submits that, on balance, the factors overwhelmingly weigh in favor of compelling the Debtor to reject or assume the Contracts immediately. The Debtor should not be permitted to use the protections of the Bankruptcy Code to extract value from a contract counterparty without payment.

## II. IN THE ALTERNATIVE, THE AUTOMATIC STAY SHOULD BE LIFTED TO ALLOW CYBERSHEATH TO TERMINATE THE CONTRACTS AND COLLECT POST-PETITION AMOUNTS DUE

23. To the extent the Debtor does not assume and assign the Contracts or pay the post-petition expenses as an administrative claim, CyberSheath requests an order granting relief from the automatic stay to allow CyberSheath to terminate the Contracts and collect post-petition amounts due.

24. Section 362(d)(1) requires that the stay be vacated "for cause, including the lack of adequate protection of an interest in property of such party in interest."

25. Under Section 9.3 of the GCC Contract and Section 8.3 of the Managed IT Contract, CyberSheath has a right to terminate the contract if the Debtor breaches the contract.

Here, Debtor has breached the contract by failing to pay post-petition amounts due on the Contracts.

26. Cause exists to modify the automatic stay because of the Debtor's breach of the Contracts by failing to pay for post-petition services under the Contracts, while nonetheless continuing to avail itself of services under the Contracts.

27. In addition, further cause exists because CyberSheath continues to be obligated to perform under the Contracts, despite the Debtor's failure to pay for those services.

28. CyberSheath has no assurances that it will be paid and should be permitted to stop performing and collect post-petition amounts due under the Contracts.

## **CONCLUSION**

WHEREFORE, CyberSheath respectfully requests that this Court enter an order (i) compelling Debtor to immediately reject or assume the Contracts; or (ii) in the alternative, lifting the automatic stay to allow CyberSheath to terminate the Contracts and collect post-petition amounts due under the Contracts; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: October 1, 2025

Respectfully Submitted,

*/s/ Michael A. Brandess*
Michael A. Brandess (admitted pro hac vice)
ARDC # 6299158
Michael.brandess@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
((312) 526-1542
(214) 999-6170 Facsimile

COUNSEL FOR CYBERSHEATH SERVICES
INTERNATIONAL, LLC

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on October 1, 2025, a true and correct copy of the foregoing *Motion for an Order (I) to Compel Debtor to Immediately Assume or Reject Contract or in the Alternative (II) to Lift the Automatic Stay* was served by CM/ECF to the parties listed below via the method indicated.

*/s/ Michael A. Brandess*

Michael A. Brandess

**Via ECF Notification :**

| | | |
|---|---|---|
| **Anglin Consulting Group, Inc.**<br>2507 Ralph Ellison Way NE<br>Washington, DC 20018<br>Tax ID / EIN: 45-2276355<br>*Added: 08/11/2025*<br>*(Debtor In Possession)* | represented by | **Justin Philip Fasano**<br>McNamee Hosea, P.A.<br>6404 Ivy Lane, Ste 820<br>Greenbelt, MD 22070<br>301-441-2420<br>301-982-9450 (fax)<br>jfasano@mhlawyers.com<br>*Assigned: 08/11/25* |
| | | **Janet M. Nesse**<br>McNamee Hosea<br>6404 Ivy Lane, Ste 820<br>Greenbelt, MD 20770<br>301-441-2420<br>jnesse@mhlawyers.com<br>*Assigned: 08/18/25* |
| **CyberSheath Services International, LLC**<br>*Added: 09/09/2025*<br>*(Creditor)* | represented by | **Michael A Brandess**<br>Husch Blackwell LLP<br>120 S. Riverside Plaza, Ste. 2200<br>Chicago, IL 60606<br>312-848-9408<br>michael.brandess@huschblackwell.com<br>*Assigned: 09/09/25* |
| **Erin Michael Gill**<br>1886 Metro Center Drive<br>Suite 620<br>Reston, VA 20190<br>*Added: 08/20/2025*<br>*(Interested Party)* | represented by | **Bradley David Jones**<br>Stinson LLP<br>1775 Pennsylvania Avenue NW<br>Suite 800<br>Washington, DC 20006<br>202-572-9903<br>202-572-9943 (fax)<br>brad.jones@stinson.com<br>*Assigned: 08/20/25* |

HB: 4925-2914-5196.5

**GovCon Fund II, LP**
1886 Metro Center Drive
Suite 620
Reston, VA 20190
United States
(703) 757-0419
(703) 757-0430 (fax)
gmattingly@prestonwealthadvisors.com
*Added: 08/14/2025*
*(Creditor)*

represented
by

**Stephen Charnoff**
Rees Broome, PC
1900 Gallows Rd., Suite 700
Vienna, VA 22182
703-790-1911
703-852-1075 (fax)
scharnoff@reesbroome.com
*Assigned: 08/14/25*

**Stephen E. Leach**
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
703-584-8902
sleach@hirschlerlaw.com
*Assigned: 08/21/25*

**GovCon Fund, LP**
1886 Metro Center Dr.
Suite 620
Reston, VA 20190
United States
(703) 757-0419
(703) 757-0430 (fax)
gmattingly@prestonwealthadvisors.com
*Added: 08/14/2025*
*(Creditor)*

represented
by

**Stephen Charnoff**
Rees Broome, PC
1900 Gallows Rd., Suite 700
Vienna, VA 22182
703-790-1911
703-852-1075 (fax)
scharnoff@reesbroome.com
*Assigned: 08/14/25*

**Stephen E. Leach**
Hirschler Fleischer
1676 International Drive, Suite 1350
Tysons, VA 22102
703-584-8902
sleach@hirschlerlaw.com
*Assigned: 08/21/25*

**Donald B Jones**
1325 N. Pickett St
Alexandria, VA 22304
*Added: 08/25/2025*
*(Creditor)*

represented
by

**Richard Owen Bolger**
Bolger Law Firm PLLC
10347 Democracy Lane
Fairfax, VA 22030
(703) 383-9595
703-383-3116 (fax)
richard@bolgerlaw.com
*Assigned: 08/25/25*

HB: 4925-2914-5196.5

**Meghan O'Brien**
*Added: 08/20/2025*
*(Interested Party)*

represented
by

**Bradley David Jones**
Stinson LLP
1775 Pennsylvania Avenue NW
Suite 800
Washington, DC 20006
202-572-9903
202-572-9943 (fax)
brad.jones@stinson.com
*Assigned: 08/20/25*

**U. S. Trustee for Region Four**
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314
703-557-7176
USTPRegion04.DC.ECF@USDOJ.GOV
*Added: 08/11/2025*
*(U.S. Trustee)*

represented
by

**Kristen S. Eustis**
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314
703-557-7227
Kristen.S.Eustis@usdoj.gov
*Assigned: 08/12/25*

HB: 4925-2914-5196.5

**Via U.S. Mail:**

All Above Management
12109 Birchview Drive
Clinton, MD 20735

Capital One N.A
by AIS InfoSource LP as agent
4515 N Santa Fe Avenue
Oklahoma City, OK 73118

Capital One N.A
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Charles Schwab
3000 Schwab Way
Roanoke, TX 76262

DC Govt Office of Tax & Revenue
PO Box 37559
Washington, DC 20013

DC Health Link
1207 Taylor Street NW
Washington, DC 20011

Embrace Consulting Services
9701 Apollo Drive Suite 100
Upper Marlboro, MD 20774

Groom Law Group
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

Hanover Insurance
440 Lincoln Street
Worcester, MA 01653-0002

Holland & Knight
800 17th St NW
Washington, DC 20006

Hood Masters of Virginia
14209 Central Avenue
Chester, VA 23836

Human Dental
PO Box 14611
Lexington, KY 40512-4611

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

iSOLVED, INC
1801 Research Blvd Suite 510
Rockville, MD 20850

JPMorgan Chase Bank, N.A
National Bankruptcy Department
700 Kansas Lane LA4 5599
Monroe, LA 71203

Kaiser PLLC
1099 14th Street NW 8th Floor West, 1099
Washington, DC 20005

Petersen Int Underwriters
23929 Valencia Blvd. Second Floo
Valencia, CA 91355

Piliero Mazza
1200 17th Street NW
Washington, DC 20001

Pillsbury Winthrop Shaw Pittman
1200 17th St NW
Washington, DC 20036

Rivian Financial Services
PO Box 901076
Fort Worth, TX 76101-2076

RSM US LLP
1250 H St NW 35;700
Washington, DC 20005

Small Business Administration
403 3rd Street SW
Washington, DC 20416

Surface Kingz
17 Rhoda Court
Hampton, VA 23664

The Heidt Law Firm, PLLC
11230 Waples Mill Rd UNIT 105
Fairfax, VA 22030

VSP
3400 Morse Crossing
Columbus, OH 43219

HB: 4925-2914-5196.5